JUDGMENT

This case was considered on the record from the Department of Transportation, National Transportation Safety Board and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is
ORDERED AND ADJUDGED that the petition for review is denied.
The Department of Transportation must find an airline “fit, willing, and able” to provide air transportation service before *5 certifying that airline for operation, 49 U.S.C. § 41102(b)(1), and it must decertify any airline no longer meeting that standard, 49 U.S.C. § 41110(e). Appellant does not challenge the Department’s fitness test, which asks whether the airline “(1) will have the managerial skills and technical ability to conduct the proposed operations; (2) will have access to financial resources sufficient to commence operations without posing an undue risk to consumers; and (3) will comply with the [Federal Aviation] Act and regulations imposed by Federal and State agencies.” ATX, Inc., Order 94-4-8, 1994 DOT Av. LEXIS 174, at *3 (Dep’t of Transp. Apr. 5, 1994). Here, the Department invoked multiple grounds for decertifying Boston-Maine Airways Corporation under this test, but we can resolve the airline’s challenge on the basis of only one — Senior Vice President and General Counsel John Nadolny’s filing of forged financial documents during certification proceedings. According to the Department, this fraud demonstrated that one of two situations must have been true: either senior management gave no meaningful oversight to and did not follow the certification proceedings, or they knew that the Department was relying on inaccurate information and said nothing. The former would show lack of managerial competence while the latter would show lack of compliance disposition, and because either would be fatal, the Department revoked all of Boston-Maine’s operating certificates.
Boston-Maine argues that Nadolny acted without any knowledge on the part of other corporate officers and that it was reasonable for those other officers to rely entirely on his accounts of the regulatory proceedings as a means of oversight. Our review of this dispute is deferential, however: the Department’s factual findings are conclusive if supported by substantial evidence, 49 U.S.C. § 46110(c), and its decision must be affirmed unless arbitrary or capricious. E.g., Pub. Citizen, Inc. v. FAA, 988 F.2d 186, 196-97 (D.C.Cir.1993). And indeed, we see nothing arbitrary or capricious in the Department’s decision. Under Department precedent, “[k]ey personnel may be held accountable for compliance problems even if they do not have actual knowledge of the problems, if they should have known of the carrier’s safety and compliance deficiencies.” ATX, Inc., 1994 DOT Av. LEXIS 174, at *17-18. Boston-Maine admits that its general counsel defrauded the Department over a period of more than two years, and that the Department reproduced the falsified financial information in two orders. The airline also itself argued before the agency that the certification proceedings were “bitterly contested,” Objections & Comments of Boston-Maine Airways Corp. at 2, Boston-Maine Airways Corp., No. OST-OO-7668, 2008 WL 5450336 (Dep’t of Transp. decided Apr. 29, 2008), and that its “two most senior owners and officers were not disinterested or uninvolved in [the] proceeding — they were riveted by it, and closely followed every development in it on a regular basis and sometimes on a daily basis,” id. at 24. Having conceded these facts, Boston-Maine gives us no reason to question the ultimate conclusion of the Department’s well-reasoned, 19-page order: namely, that senior management either failed to follow the proceedings closely or competently enough to determine that the Department was relying on manifestly inaccurate financial data from the airline, or that senior management were aware that the Department was misled about Boston-Maine’s financial soundness and chose to allow the deception to continue. See Show Cause Order at 16-18, Boston-Maine, No. OST-OO-7668, 2008 WL 5450292; Order Revoking Certificate at 6, Boston-Maine, No. OST-OO-7668, 2008 WL 5450336.
*6 The Department thus reasonably concluded that management either knew or should have known about the glaring compliance deficiency, indicating a lack of managerial competence and compliance disposition. Accordingly, there is no need to reach the issue of whether the Department correctly concluded that Boston-Maine lacked financial fitness for airline operations.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cm. R. 41.